# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

ISAAC ASUSTA,

        Petitioner,

   v.

BRIAN WILLIAMS, et al.,

        Respondents.

Case No. 2:20-cv-00048-GMN-DJA

**ORDER**

**I.    Introduction**

    Petitioner has submitted an application to proceed in forma pauperis (ECF No. 1), a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, and a request for appointment of counsel. The application is moot because petitioner has paid the filing fee.[1] The court has reviewed the petition under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. Petitioner will need to show cause why the court should not dismiss the action as untimely. The court denies the request for appointment of counsel because petitioner first needs to show cause.

---

[1] The application also lacks a statement of petitioner's inmate account and a financial certificate signed by the correct prison official.

1

**II.     Legal Standard**

Congress has limited the time in which a person can petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). If the judgment is appealed, then it becomes final when the Supreme Court of the United States denies a petition for a writ of certiorari or when the time to petition for a writ of certiorari expires. Jimenez v. Quarterman, 555 U.S. 113, 119-20 (2009). See also Sup. Ct. R. 13(1). Any time spent pursuing a properly filed application for state post-conviction review or other collateral review does not count toward this one-year limitation period. 28 U.S.C. § 2244(d)(2). An untimely state post-conviction petition is not "properly filed" and does not toll the period of limitation. Pace v. DiGuglielmo, 544 U.S. 408, 417 (2005).

Section 2244(d) is subject to equitable tolling. Holland v. Florida, 560 U.S. 631, 645 (2010). "[A] 'petitioner' is 'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." Id. at 649 (quoting Pace, 544 U.S. at 418).

Actual innocence can excuse operation of the statute of limitations. McQuiggin v. Perkins, 569 U.S. 383, 386-87 (2013). "'[A] petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt.'" Id. at 386 (quoting

Schlup v. Delo, 513 U.S. 298, 329 (1995)). "'[A]ctual innocence' means factual innocence, not mere legal insufficiency." Bousley v. United States, 523 U.S. 614, 623 (1998). "In cases where the Government has forgone more serious charges in the course of plea bargaining, petitioner's showing of actual innocence must also extend to those charges." Id. at 624.

The petitioner effectively files a federal petition when he delivers it to prison officials to be forwarded to the clerk of the court. Rule 3(d), Rules Governing Section 2254 Cases in the United States District Courts.

The court can raise the issue of timeliness on its own motion. Day v. McDonough, 547 U.S. 198, 209 (2006); Herbst v. Cook, 260 F.3d 1039, 1043 (9th Cir. 2001).

### III. Discussion

Pursuant to a guilty plea in state district court, petitioner was convicted of one count of first-degree murder with the use of a deadly weapon and one count of second-degree murder with the use of a deadly weapon. The state district court entered the judgment of conviction on November 12, 2008. Petitioner appealed. The Nevada Supreme Court affirmed on May 26, 2011. Asusta v. State, Case No. 53053.[2] The remittitur issued on June 20, 2011. The time to petition the Supreme Court of the United States for a writ of certiorari expired, and the judgment of conviction became final, on August 24, 2011.

On June 27, 2012, petitioner filed a post-conviction habeas corpus petition in the state district court. The state district court denied the petition. Petitioner appealed. On December 11, 2014, the Nevada Supreme Court determined that the petition was untimely under Nev. Rev. Stat. § 34.726(1) because petitioner filed the petition more than a year after issuance of the remittitur at the end of the direct appeal. Asusta v. Cox, Case No. 64209.[3] Remittitur issued on January 6, 2015.

Petitioner mailed his federal petition, or handed it to a correctional officer, on January 6, 2020.

---

[2] http://caseinfo.nvsupremecourt.us/public/caseView.do?csIID=20823. All docket reports were generated on January 15, 2020.
[3] http://caseinfo.nvsupremecourt.us/public/caseView.do?csIID=32394.

On its face, the petition is untimely. The state petition did not toll the one-year period under § 2244(d)(2) because it was untimely and thus not properly filed. Pace, 544 U.S. at 417. Consequently, 3,056 non-tolled days passed between the finality of the judgment of conviction and the mailing of the federal habeas corpus petition. That is much more than the one year allowed.

Even if the court were to consider the state petition qualified for tolling, the federal petition still is untimely. Between the finality of the judgment of conviction and the filing of the state petition, 307 non-tolled days passed. Between the issuance of the remittitur at the end of the post-conviction appeal and the mailing of the federal habeas corpus petition, 1,825 non-tolled days passed.[4] In total, 2,132 non-tolled days passed. That still is much more than the one year allowed.

For this reason, petitioner will need to show cause why the court should not dismiss the action.

**IV. Conclusion**

IT THEREFORE IS ORDERED that the application to proceed in forma pauperis (ECF No. 1) is **DENIED** as moot.

IT FURTHER IS ORDERED that the clerk of the court shall file the petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, the exhibits to the petition, and the motion for appointment of counsel, currently at ECF No. 1-1 through 1-3, respectively.

IT FURTHER IS ORDERED that the motion for appointment of counsel is **DENIED**.

IT FURTHER IS ORDERED that petitioner shall have forty-five (45) days from the date of entry of this order to show cause why the court should not dismiss this action as untimely. Failure to comply with this order will result in the dismissal of this action.

IT FURTHER IS ORDERED that the clerk shall add Aaron Ford, Attorney General for the State of Nevada, as counsel for respondents.

///

///

---

[4] This five-year gap by itself is enough to make the federal petition untimely.

4

IT FURTHER IS ORDERED that the clerk shall electronically serve upon respondents a copy of the petition and this order. Respondents' counsel shall enter a notice of appearance herein within twenty-one (21) days of entry of this order, but no further response shall be required from respondents until further order of the court.

DATED: January 15, 2020

_____
GLORIA M. NAVARRO
United States District Judge