UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| ISAAC ASUSTA, | Case No. 2:20-cv-00048-GMN-DJA |
| Petitioner, | **ORDER** |
| v. | |
| BRIAN WILLIAMS, et al., | |
| Respondents. | |

**I.   Introduction**

The court directed petitioner, Isaac Asusta, to show cause why the court should not dismiss the action as untimely under 28 U.S.C. § 2244. ECF No. 4. Asusta has filed a motion to show cause. ECF No. 8. His argument for equitable tolling does not persuade the court. The court dismisses the action as untimely.

**II.   Background**

The court provides a basic summary of the events and time calculations here. The court's prior order contains a fuller account.

The Nevada Supreme Court decided Asusta's direct appeal on May 26, 2011. The Nevada Supreme Court issued its remittitur on June 20, 2011, starting the state's one-year period of limitation under Nev. Rev. Stat. § 34.726(1). The time to petition the Supreme Court of the

1   United States for a writ of certiorari expired on August 24, 2011, starting the federal one-year

2   period of limitation under 28 U.S.C. § 2244(d)(1).

3   On June 27, 2012, Asusta filed a counseled post-conviction habeas corpus petition in the

4   state district court.  The state district court denied the petition on the merits.  On appeal, the

5   Nevada Supreme Court affirmed the denial, but for a different reason.  The petition was untimely

6   under Nev. Rev. Stat. § 34.726(1) because Asusta filed the petition more than a year after

7   issuance of the direct-appeal remittitur.  Section 34.726(1) does allow a showing of good cause to

8   excuse the time-bar; however, that showing is a pleading requirement.  The Nevada Supreme

9   Court affirmed the denial, but as untimely, because Asusta did not attempt to plead good cause.

10  ECF No. 1-1 at 32-33.[1]  See also Wyatt v. State, 468 P.2d 338, 341 (Nev. 1970) (appellate court

11  may affirm if the district court reaches the right result for the wrong reason).  The untimely state

12  petition did not toll the federal one-year period under 28 U.S.C. § 2244(d)(2).  Pace v.

13  DiGuglielmo, 544 U.S. 408, 417 (2005).  The federal one-year period thus expired at the end of

14  August 24, 2012.  Asusta mailed his federal habeas corpus petition under 28 U.S.C. § 2254 on

15  January 6, 2012, more than seven years late.

16  **III.    Legal Standard**

17  Section 2244(d) is subject to equitable tolling.  Holland v. Florida, 560 U.S. 631, 645

18  (2010).  "[A] 'petitioner' is 'entitled to equitable tolling' only if he shows '(1) that he has been

19  pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and

20  prevented timely filing."  Id. at 649 (quoting Pace, 544 U.S. at 418).  Equitable tolling does not

21  stop the limitations clock.  Smith v. Davis, 953 F.3d 582 (9th Cir. 2020).  If an extraordinary

22  circumstance prevented a petitioner from timely filing a habeas corpus petition, then the

23  petitioner must be reasonably diligent in filing the petition once the extraordinary circumstance

24  dissipates.  Id.

---

[1] The petition is docketed formally at ECF No. 5, but that document's ECF number and page numbers are unreadable.  The court thus cites to the copy of the petition and exhibits attached to the application to proceed in forma pauperis.

**IV.    Discussion**

    **A.    Asusta's arguments for equitable tolling**

Asusta asks for equitable tolling between March 19, 2012, and October 30, 2019. ECF No. 8 at 1. On March 19, 2012, Asusta was transferred from a prison in Nevada to a prison in Virginia. Id. at 2. On March 23, 2012, Asusta's family retained an attorney to represent Asusta in state post-conviction proceedings. Id. at 4. Post-conviction counsel filed the untimely state petition. Asusta alleges that post-conviction counsel did not inform him of the Nevada Supreme Court's December 11, 2014 decision that the state petition was untimely. Id. Asusta learned about that decision in December 2015, when Asusta's mother went to post-conviction counsel's office and asked about the status of his case. Id. Asusta alleges that post-conviction counsel assured Asusta's mother that he would pursue federal habeas corpus relief. Id. Additionally, the representation and retention agreements stated that post-conviction counsel would pursue federal habeas corpus relief. ECF No. 1-2 at 2, 4. In the summer of 2016, Asusta's family filed a fee dispute with the State Bar of Nevada, which was successful. ECF No. 1-2 at 10-16. This resulted in a settlement.

Asusta also alleges difficulties in preparing a petition while he was in Virginia. He was not allowed to bring his legal files with him, and those files were destroyed. ECF No. 8 at 1. He had limited access to the Virginia prison's law library. Id. at 5-6. Additionally, the law library did not have Nevada legal materials. Id. Both the state courts and his post-conviction counsel insisted on payment for photocopies of documents. Id. at 2-3. Asusta asked to be transferred back to Nevada. Id. at 6. The transfer occurred on October 30, 2019. Id. Asusta then assembled the current § 2254 habeas corpus petition based largely upon memory and the state-court documents in his possession. Id.

    **B.    Equitable tolling is not warranted**

Asusta's arguments do not persuade the court. The court might assume for the moment that the final decision of the Nevada Supreme Court that the state petition was untimely, when up to that point the parties litigated the state petition on its merits, was an extraordinary circumstance. Until that decision, Asusta might have thought that he would receive a final ruling

on the merits, and thus that the state petition tolled the federal period of limitation under § 2244(d)(2).

In reality, that thought would have been unreasonable, because it ignores the pleading requirement of Nev. Rev. Stat. § 34.726(1). Asusta was on notice from before the filing of the state petition that it was untimely under state law and that he needed to try to show cause to excuse the time bar. Counsel's error in calculating the deadline does not warrant equitable tolling. Lawrence v. Florida, 549 U.S. 327, 336-37 (2007).

Keeping with the assumption, however, Asusta did not learn that his state post-conviction proceedings had concluded until December 2015. The representation and retention agreements with post-conviction counsel stated that counsel would pursue federal habeas corpus relief. It was clear by the Summer of 2016 that post-conviction counsel had not filed a federal habeas corpus petition, because Asusta had filed his fee dispute with the State Bar of Nevada by then.[2] If the belief that post-conviction counsel was taking care of Asusta's post-conviction petitions itself was an extraordinary circumstance that prevented Asusta from filing a timely federal habeas corpus petition, then that extraordinary circumstance had ceased by the Summer of 2016, because Asusta clearly knew by then that post-conviction counsel had not filed a federal habeas corpus petition.

What the court will not find is that Asusta's difficulties with the law library in Virginia was an extraordinary circumstance that prevented timely filing of a federal habeas corpus petition. Asusta alleges that the Virginia prison's law library did not have Nevada law. However, Nevada law is not necessary for a person convicted in Nevada to file a federal habeas corpus petition. Federal habeas corpus relief for a person convicted in state court is available only if that person's custody violates the constitution or laws of the United States. 28 U.S.C. § 2254(a). "A federal court may not issue the writ on the basis of a perceived error of state law." Pulley v. Harris, 465 U.S. 37, 41 (1984). Furthermore, none of the grounds that Asusta raises in his petition refer to state law.

---

[2] The decision of the arbitration panel noted that a letter from this court, dated September 4, 2014, stated that no habeas corpus petition had been filed on petitioner's behalf by that date. ECF No. 1-2 at 11-12. The court confirms that the only habeas corpus petition that petitioner has filed is the current one.

4

1      Nor does the court find that the mere fact that Asusta was imprisoned in Virginia to be an
2 extraordinary circumstance that prevented timely filing. The court receives habeas corpus
3 petitions challenging Nevada convictions from people who are imprisoned outside of Nevada.
4 Either they file their petitions with this court, or they file their petitions with the United States
5 District Courts for the districts where they are held, and then those courts transfer the petitions to
6 this court. Conversely, people imprisoned in Nevada will file in this court habeas corpus petitions
7 that challenge convictions or detainers from other states. This court transfers those petitions to
8 the appropriate federal district courts. Nothing in the petition or the motion to show cause
9 indicates that Virginia is an exception to the court's experience.

10     Consequently, Asusta needed to be diligent in pursuing his rights once he realized that his
11 state post-conviction petition was untimely and that post-conviction counsel was not pursuing
12 federal habeas corpus relief. That occurred no later than the Summer of 2016. However, he
13 waited three and a half years before he mailed his petition to this court. His explanation for the
14 delay, that it was virtually impossible to file the petition while he was imprisoned in Virginia, is
15 not persuasive. As he notes, his grounds for relief all are based upon his memory; therefore, he
16 could have written the petition at any time starting in the Summer of 2016. He could have sent a
17 letter to this court asking for this court's § 2254 form. He could have used the § 2254 form for the
18 district where he was imprisoned, if that district court had its own form. He could have used the
19 general § 2254 form published by the Administrative Office of the United States Courts. Then he
20 could have sent the petition either to this court or to the United States District Court for the
21 Eastern District of Virginia.[3] Sooner or later, this court would have received the petition. Yet
22 Asusta did none of these things for three and a half years. The court cannot conclude that
23 inaction for longer than the period of limitation itself is reasonable diligence. The court thus finds
24 that equitable tolling is not warranted.

---

[3] The Sussex 1 State Prison, where petitioner was imprisoned, is in the Eastern District of Virginia.

### C. The court will not issue a certificate of appealability

To appeal the denial of a petition for a writ of habeas corpus, Asusta must obtain a certificate of appealability, after making a "substantial showing of the denial of a constitutional right." 28 U.S.C. §2253(c).

> Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy §2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. The issue becomes somewhat more complicated where, as here, the district court dismisses the petition based on procedural grounds. We hold as follows: When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

Slack v. McDaniel, 529 U.S. 473, 484 (2000); see also James v. Giles, 221 F.3d 1074, 1077-79 (9th Cir. 2000). The court finds that reasonable jurists would not find it debatable whether this court was correct in its procedural ruling. Three and a half years of inaction, even in another state, is too long to find that Asusta was being reasonably diligent in pursuing his rights. The court will not issue a certificate of appealability.

### V. Conclusion

IT THEREFORE IS ORDERED that petitioner's motion to show cause (ECF No. 8) is **DENIED**.

IT FURTHER IS ORDERED that this action is **DISMISSED** with prejudice as untimely. The clerk of the court will enter judgment accordingly and close this action.

IT FURTHER IS ORDERED that a certificate of appealability will not issue.

DATED: April 20, 2020

_____
GLORIA M. NAVARRO
United States District Judge